SUMMARY ORDER

Petitioner Xue-Qin Lin, a native and citizen of China, seeks review of a March 20, 2008 order of the BIA affirming the June 26, 2006 decision of Immigration Judge (“IJ”) Annette S. Elstein denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xue-Qin Lin, No. A 98 594 041 (B.I.A. Mar. 20, 2008), aff'g No. A 98 594 041 (Immig. Ct. N.Y. City June 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 482 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer therefore to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
As an initial matter, Lin does not address certain of the IJ’s credibility findings. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, those findings stand as valid bases for the IJ’s adverse credibility determination and could alone be sufficient to support the agency’s credibility determination. See Shunfu Li v. *736 Mukasey, 529 F.3d 141, 146-47 (2d Cir.2008). Nonetheless, substantial evidence supports the credibility findings Lin does challenge.
In concluding that Lin was not credible, the IJ properly found inconsistent Lin’s testimony that he was arrested for practicing Falun Gong in August 1999 and the letter from his mother, which indicates that he was arrested in August 1998. The IJ also properly found inconsistent Lin’s testimony regarding the length of his detention. While Lin attacks these findings as too minor, under the REAL ID Act, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167 (emphasis in original). Because no reasonable factfinder would have been compelled to credit Lin’s explanation that he was nervous, the IJ properly relied on these inconsistencies to support her adverse credibility determination. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005). The IJ also correctly observed that while Lin testified that after his initial arrest the police sought to arrest him again, his mother’s letter made no reference to any arrest or investigation after 1999. Lin’s explanation that his mother’s letter was incomplete also would not have compelled a reasonable factfinder to credit it. Id.
Ultimately, substantial evidence supported the IJ’s denial of asylum because, taken together, the findings properly relied upon by the IJ provided ample support for her adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); Liang Chen v. U.S. Attorney General, 454 F.3d 103, 106 (2d Cir.2006).
Because Lin does not challenge in his brief to this Court the agency’s denial of his CAT claim, he has waived any such challenge. See Yueqing Zhang, 426 F.3d at 545 n. 7.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for the stay of removal in this petition is DISMISSED as moot.